UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CASE NO. 5:15-cv-00097-MR

| | |
|---|---|
| DAVID GLENN GREEN, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondents. )<br>_____ ) | **MEMORANDUM OF<br>DECISION AND ORDER** |

**THIS MATTER** is before the Court on the Petitioner's *pro se* Motion for Relief from Judgment. [Doc. 17].

**I.   BACKGROUND**

On February 25, 2003, the Petitioner David Glenn Green (the "Petitioner") was sentenced to consecutive terms of life imprisonment following his conviction by a jury on two counts of armed bank robbery and two counts of using, carrying, and brandishing a firearm during and in relation to a crime of violence.

The Petitioner appealed. The Fourth Circuit affirmed the district court and the United States Supreme Court denied certiorari. See United States v. Green, 82 F. App'x 842 (4th Cir. 2003) (unpublished), cert. denied, 541 U.S. 1082 (2004).

After the Supreme Court denied further review, the Petitioner filed a *pro se* § 2255 motion to vacate his sentence. Green v. United States, No. 5:05-cv-00205-GCM (W.D.N.C. July 21, 2008). On July 21, 2008, this Court denied the Petitioner's motion. Id. The Petitioner appealed. The Fourth Circuit denied the Petitioner a certificate of appealability and dismissed his appeal. United States v. Green, 318 F. App'x 164 (4th Cir. 2009) (unpublished). The Petitioner has filed three motions in the Fourth Circuit seeking permission file successive §2255 habeas petitions, which have all been denied. In re Green, No. 12-186 (4th Cir. May 22, 2012); In re Green, No. 16-145 (4th Cir. Feb. 22, 2016); In re Green, No. 16-856 (4th Cir. June 2, 2016).

On July 30, 2015, the Petitioner filed a *pro se* § 2241 petition seeking relief from his designation as a career offender. [Doc. 1]. On March 9, 2016, the Court[1] denied the Petitioner's § 2241 motion. [Doc. 9]. The Petitioner appealed. On September 28, 2016, the Fourth Circuit affirmed. Green v. Andrews, 669 F. App'x 102 (4th Cir. 2016) (unpublished).

On December 11, 2019, the Petitioner filed this Motion for Relief from Judgment Pursuant to Fed. R. Civ. P. 60(b). [Doc. 17]. In that Motion, the

---

[1] The Honorable District Court Judge Frank D. Whitney presiding. On April 24, 2020, this matter was reassigned to the undersigned for further proceedings.

2

Petitioner requests relief under Rule 60(b)(6) because he asserts that he has evidence showing that his convictions were based on extrinsic fraudulent representations. [Id. at 1, 3-5].[2]

Rule 60(b) does not provide a vehicle by which a petitioner can challenge his criminal judgment. See United States v. Grapes, 408 F. App'x 766, 767 (4th Cir. 2011) (per curiam). Moreover, the type of relief that the Petitioner seeks in his Rule 60(b) motion is identical to the relief that could be obtained through a successful Section 2255 proceeding. Bruton v. United States, No. 1:09-CR-00013-MR-3, 2017 WL 9480307, at *1 (W.D.N.C. Nov. 3, 2017) (Reidinger, J.) ("[N]ew legal arguments or proffers of additional evidence will usually signify that the prisoner is not seeking relief available under Rule 60(b) but is instead continuing his collateral attack on his conviction or sentence."). "Virtually every Court of Appeals to consider the question has held that such a pleading, although labeled a Rule 60(b) motion, is in substance a successive habeas petition and should be treated accordingly." Gonzalez v. Crosby, 545 U.S. 524, 531 (2005). Accordingly, the Court must treat his Rule 60(b) motion as a motion brought pursuant to Section 2255. Id.

---

[2] On December 23, 2019, the Court entered an Order instructing the Petitioner to file a memorandum explaining why his Rule 60(b) Motion is not time-barred. [Doc. 19]. The Petitioner filed his memorandum on January 27, 2020. [Doc. 21].

3

A petitioner must obtain permission from the appropriate court of appeals before he may file a successive motion under § 2255. 28 U.S.C. § 2255(h). The Petitioner has provided no evidence that he has secured authorization from the Fourth Circuit to file a successive § 2255 motion. The Petitioner's Rule 60(b) motion, therefore, will be dismissed.

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as the Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

## O R D E R

**IT IS, THEREFORE, ORDERED** that the Petitioner's *pro se* Motion for Relief from Judgment [Doc. 17] is **DISMISSED** as an unauthorized, successive Section 2255 motion.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed: June 17, 2020

Martin Reidinger
Chief United States District Judge